IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No: __3:05-324__ |
| | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| **CROSSINGS DEVELOPMENT, L.L.C.,** | ) | |
| | ) | |

AGREEMENT made this __15th__ day of __March__, 2005, between and among the United States of America, as represented by Acting United States Attorney Jonathan S. Gasser, Assistant United States Attorney Winston D. Hoilliday, Jr.. and Assistant United States Attorney R. Emery Clark, "Attorneys for the Government"; and the Defendant, **CROSSINGS DEVELOPMENT, L.LC.**, and Defendant's Attorney, Clarence Davis, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **CROSSINGS DEVELOPMENT, L.LC.,** agrees to plead guilty to a one-count Information, charging It with a knowing violation of the Clean Water Act(CWA), in violation of 33 U.S.C. § 1319(c)(2)and 18 U.S.C. § 2, FED. R. CRIM. p. 11(a). Defendant, having been advised through its representatives of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States in an Information, The one-count Information charges the Defendant with a felony violation of the Clean Water Act, that is, knowingly discharging fill material into waters of the United States without a permit in violation of 33 U.S.C. § 1344. Each count carries a maximum sentence of a fine of not less than $5,000, nor more than $50,000, per day of violation, as set out in the statute, 33 U.S.C.

§'1319(c)(2)(A). The plea of guilty is to be entered by **CROSSINGS DEVELOPMENT, L.L.C.**, through an officer, organizer, and/or agent of **CROSSINGS DEVELOPMENT, L.L.C.**, acceptable to the United States and authorized by resolution to enter a guilty plea on **CROSSINGS DEVELOPMENT, LLC.'s** behalf. By entering this guilty plea, Defendant waives all objections to the form of the charging document and admits that it is in fact guilty of the offense as set forth in the criminal Information. With respect to the offense, the Court may order the Defendant to make restitution to any victim of the offense, or to the community. The elements of this offense are:

One:      A person,

Two:      Knowingly discharged a pollutant, namely fill material,

Three:    From a point source

Four:     Into a water of the United States, including a wetland,

Five:     Without a permit under 33 U.S.C. § 1344.

2.    The Defendant, **CROSSINGS DEVELOPMENT, L.L.C.**, consents to the immediate commencement of a presentence investigation, FED. R. CRIM. P. 32(c).

3.    Sentencing Agreement. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and **CROSSINGS DEVELOPMENT, L.L.C.** agree that the sentence to be imposed by the Court should be as follows:

a.    Fine. **CROSSINGS DEVELOPMENT, L.L.C.** shall pay a total aggregate fine in the amount of One Million, One Hundred Thousand Dollars ($1,100,000).

2

**CROSSINGS DEVELOPMENT, L.L.C.** understands that the court is not bound by this figure, and that it has no right to withdraw its plea if the amount is rejected by the court.

b.   The Defendant **CROSSINGS DEVELOPMENT, L.L.C.** understands that in addition to any fines that the court may impose, the Court will assess a special assessment of $100.00 for each felony count to which it pleads guilty. 18 U.S.C. § 3013. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorneys Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if it fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

c.   Public Apology. Within thirty (30) days after the signing of this agreement, Defendant will arrange to have published a half-page notice in *The* State, a daily newspaper in Columbia, South Carolina. The Defendant agrees that this notice shall contain the following text only, and no other text or graphic, in at least 18 point Times New Roman

typeface, or some other size and typeface acceptable to the government:

A PUBLIC APOLOGY

On [date of guilty plea] CROSSINGS DEVELOPMENT, L.L.C., pled guilty to violating the Clean Water Act by significantly altering or destroying approximately 44.7 acres of wetlands in northeastern Richland County, South Carolina. CROSSINGS DEVELOPMENT, L.L.C.'s unauthorized activities in these areas included (1) land clearing with mechanized equipment, (2) grading and filling low-lying areas, (3) ditching and side casting excavated soil, (4) installing culvert piping, and (5) redirecting creeks and streams.

These wetlands are part of a larger tract of 429.4 acres located at the intersection of I-77 and Killian Road (Highway 52). CROSSINGS DEVELOPMENT, L.L.C., was aware of the existence and location of the wetlands on the property and the requirement that it obtain a permit authorizing the work performed in those areas. CROSSINGS DEVELOPMENT, L.L.C., proceeded without the approval of the Army Corps of Engineers, severely damaging the wetlands.

The federal investigation into CROSSINGS DEVELOPMENT, L.L.C.'s offenses was conducted by the United States Environmental Protection Agency, the Federal Bureau of Investigation, and the United States Army Corps of Engineers. The case was prosecuted by the United States Attorney's Office. The plea was taken in the United States District Court for the District of South Carolina.

As part of CROSSINGS DEVELOPMENT, L.L.C.'s guilty plea, the company has agreed to pay a criminal fine of $1,100,000. CROSSINGS DEVELOPMENT, L.L.C., pled guilty because it is in fact guilty of this offense. CROSSINGS DEVELOPMENT, L.L.C., accepts responsibility for its conduct and deeply regrets its role in damaging the environment.

d.    Payments. **CROSSINGS DEVELOPMENT, L.L.C.**, further agrees that if the terms of this Rule 11 (c)(1)(B) plea agreement are accepted by the District Court, the monetary penalty to be imposed consistent with this Agreement, including the special assessments, fines and restitution, and community service, shall be paid on the day of sentencing. Payment is to be made in the form of a check payable to the "United States District Court Clerk."

e.    Probation. **CROSSINGS DEVELOPMENT, L.L.C.**, will be placed on organizational probation for a period of five years pursuant to USSG §* 8D1.1 and SD1.2.

4

f.     Community Service. The parties further agree, pursuant to Rule1 1(c)(1)(C), that execution of a portion of the One Million, One Hundred Thousand Dollars ($1,100,000) criminal fine payable by **CROSSINGS DEVELOPMENT, L.LC.**, in the amount of up to Five Hundred Fifty Thousand Dollars ($550,000), shall be suspended for the express purpose of **CROSSINGS DEVELOPMENT, L.LC.**, applying this amount to performing community service pursuant to U.S.S.G. § 8B1 .3, and in furtherance of the sentencing principles provided in 18 U.S.C. § 3553(a). The explicit goal of the community service requirement to be imposed on **CROSSINGS DEVELOPMENT, L.L.C.**, shall be to fund one or more projects for the benefit, preservation, and restoration of the environment and ecosystems of the State of South Carolina. The specific project or projects are to be determined prior to the imposition of sentencing in this case. The projects must be approved by the United States Attorney's Office for the District of South Carolina.

Because the above payments are designated as community service by an organization, **CROSSINGS DEVELOPMENT, L.L.C.**, further agrees that it will not seek any reduction in its tax obligations as a result of these community service payments. In addition, since these payments constitute community service as part of the total fine amount agreed upon, **CROSSINGS DEVELOPMENT, L.L.C.**, will not characterize, publicize or refer to these community service payments as voluntary donations or contributions.

5.     So long as the Defendant, **CROSSINGS DEVELOPMENT, L.L.C.**, complies with all terms of this Agreement, the Attorneys for the Government agree not to prosecute the Defendant, **CROSSINGS DEVELOPMENT, L.L.C.**, for other offenses committed in the

District of South Carolina prior to the date of the execution of this Plea Agreement, which are the same or similar character as those cited herein, with the understanding by the Defendant that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence, and such other offenses may be considered as relevant conduct pursuant to Section IB1.3 of the United States Sentencing Commission Guidelines, FED R. CRIM. P. 8(a). However, in the event the Defendant **CROSSINGS DEVELOPMENT, L.L.C.**, violates any of the conditions of this Agreement, it understands that it may thereafter be prosecuted for any offenses about which the United States possesses information.

6.  The Defendant, **CROSSINGS DEVELOPMENT, L.L.C.**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and

7.  The Defendant, **CROSSINGS DEVELOPMENT, L.L.C.**, is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, Defendant in exchange for the concessions made by the United States in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nor does it limit the United States in its comments in or responses to any post-sentencing matters.

8. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

|  |  |
|---|---|
|  | CROSSINGS DEVELOPMENT, L.L.C. |
| 3/10/05<br>DATE | BY _Matthew Coyle_<br>Its _Member_ |
| 3/10/05<br>DATE | _Clarence Davis_<br>Clarence Davis<br>Nelson Mullins Riley & Scarborough, LLP<br>Attorney for the Defendant |
|  | JONATHAN S. GASSER<br>ACTING UNITED STATES ATTORNEY |
| 3-15-05<br>DATE | By _Winston Holliday_<br>Winston D. Holliday, Jr.<br>Assistant U.S. Attorney |
| March 15, 2005<br>DATE | By _R. Emery Clark_<br>R. Emery Clark<br>Assistant U. S. Attorney |

8